UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN FLOYD VOSS,<br><br>                Petitioner,<br>    v.<br>KYLE OLSEN, *et al.*,<br><br>                Respondents. | Case No. 3:22-cv-00174-MMD-CSD<br><br>ORDER |

       This habeas matter comes before the Court on a *sua sponte* inquiry into whether the petition for writ of habeas corpus in this case is subject to dismissal. This order follows an order to show cause ("OSC") (ECF No. 7) and Petitioner Steven Floyd Voss's response (ECF No. 10). In addition, Voss has filed a proposed first amended petition for writ of habeas corpus. (ECF No. 9.) For the reasons discussed below, the Court finds sufficient cause to not dismiss this case and directs Respondents to address Voss's custody status.

       The OSC outlines the relevant facts and procedural background. In short, the Court explained that, because the judgment of conviction Voss sought to challenge in state court case CR96-1581 gave him a credit for time served that exceeded the length of his sentence, it appeared that Voss was no longer "in custody" for the purposes of this Court's habeas jurisdiction. Consequently, the Court ordered Voss to show cause in writing why the petition should not be dismissed for lack of jurisdiction because the sentence imposed by the challenged judgment of conviction was fully discharged prior to the filing of the federal petition.

       With his response, Voss informs the Court that, unbeknownst to him when he submitted his initial petition in this case, the state district court entered an amended judgment of conviction on April 7, 2022. The amended judgment of conviction appears to change his credit for time served from 7,205 days to 137 days. (ECF No. 6-1 at 31-33,

ECF No. 9-1 at 6.) Voss argues that the amended judgment places him custody for the purposes of challenging his conviction and sentence in CR96-1581. He further argues that the amended judgment requires him to amend his petition in this case, which is why he has filed a proposed first amended petition. (ECF No. 9.)

The Court questions whether the amended judgment means that Voss has not discharged his sentence in CR96-1581. For one, the Court of Appeals for Nevada, in granting Voss mandamus relief, ordered that he be credited for time served in CR96-1581. (ECF No. 1-10 at 34.) Even so, the entry of the amended judgment provides sufficient cause to not dismiss this case without a response from the Respondents. Without clarification from the State, this Court is unable to determine the date on which Voss's sentence in CR96-1581 expired or is set to expire. As noted in the OSC, the federal habeas statute bestows jurisdiction on district courts to entertain petitions challenging a judgment of conviction only for persons who are "in custody" under the conviction at the time that the petition is filed. (ECF No. 7 at 2 (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)).)

Voss also argues in his response to the OSC that this Court already determined in his prior habeas case that he meets the "in custody" requirement because he is incarcerated pursuant to a consecutive sentence under a judgment of conviction in a different state case—i.e., CR97-2077. (ECF No. 10 at 2-3 (citing ECF No. 9 in Case No. 3:19-cv-00414-MMD-WGC)). Upon further review, however, the sentences imposed in that case, which include a life sentence without possibility of parole, are concurrent with, not consecutive to, his sentence in CR96-1581. *See Voss v. Baker*, 3:19-cv-00197-MMD-CLB (ECF No. 1-3 at 21-22). Thus, invalidation of his conviction in CR96-1581 would not advance the date of his eligibility for release from his current incarceration, which is an indispensable component of habeas review. *Cf. Garlotte v. Fordice*, 515 U.S. 39, 47 (1995) ("Garlotte's challenge, which will shorten his term of incarceration if he proves unconstitutionality, implicates the core purpose of habeas review."). In addition, the U.S. Supreme Court has clarified that a § 2254 petitioner is not challenging his custody status,

but rather the *judgment* that authorizes custody. *See Magwood v. Patterson*, 561 U.S. 320, 333 (2010). If his sentence under the judgment in CR96-1581 has expired, Voss's habeas challenge would be moot. So, to the extent this Court suggested that Voss's incarceration under a separate judgment means that he is "in custody" for the purpose of challenging his conviction in this case, it did so in error.

The Clerk of Court is therefore directed to electronically serve Voss's first amended petition for writ of habeas corpus (ECF No. 9) and a copy of this order on the Respondents.

The Clerk of Court is further directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents.

The Clerk of Court is further directed to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

It is further ordered that Respondents shall have 30 days from the date of entry of this order to appear in this action and to address whether Voss has discharged his sentence in state court case CR96-1581 and, if so, the date on which that occurred. Voss shall thereafter have 20 days to file a response. The Respondents are not required to file a response to Voss's habeas petition until further ordered by the Court.

DATED THIS 14th Day of June 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE