UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVEN FLOYD VOSS,<br><br>　　　　　　　　　Petitioner,<br>　　v.<br><br>KYLE OLSEN, *et al.*,<br><br>　　　　　　　　　Respondents. | Case No. 3:22-cv-00174-MMD-CSD<br><br>ORDER |

On June 14, 2022, this Court entered an order directing the Respondents to address whether Petitioner Voss has discharged the sentence (and, if so, when) for the judgment of conviction he seeks to challenge with his habeas petition in this case. (ECF No. 11.) Respondents have filed their response (ECF Nos. 16, 17), and Voss has filed a reply (ECF No. 18). For reasons that follow, Voss' habeas petition will be dismissed for lack of jurisdiction because he was longer "in custody" under the relevant judgment of conviction when he initiated this case.

Voss is attempting to challenge his judgment of conviction in Washoe County Case No. CR96-1581. In that case he was convicted, in 1996, of burglary, forgery, uttering a forged instrument, and attempted theft and was sentenced to a maximum of ten years on the burglary count and consecutive four-year terms on the remaining counts. (ECF No.17-1.) In 1998, he was convicted in Washoe County Case No. CR97-2077 of murder with a deadly weapon and kidnapping in the first degree. (ECF No. 17-2.) In that matter, he was sentenced to consecutive life sentences without the possibility of parole for the murder and a concurrent term of 15 years to life for the kidnapping. (*Id.*) The state court ordered

the sentences in CR97-2077 to be served concurrently with the sentences imposed in CR96-1581. (*Id.*)[1]

In August 2001, the state district court granted Voss partial post-conviction relief in CR96-1581 and ordered a new sentencing hearing. (ECF No. 17-4 at 2.) When the resentencing did not occur for several years, the Nevada Court of Appeals issued a writ of mandamus in 2018 ordering the state district court to comply with the August 2001 order. (*Id.* at 4.) The court also ordered that Voss be credited with all the time he served pursuant to the invalid 1996 judgment of conviction. (*Id.* n.2.)

In July 2020, the state district court imposed an aggregate sentence of 48 to 114 months but gave Voss credit for time served in the amount of 7,205 days. (ECF No. 17-5.) The new judgment of conviction dated the judgment *nunc pro tunc* back to November 27, 1996, when Voss was originally convicted. (*Id.* at 4).

On April 7, 2022, the state district court entered an amended judgment of conviction that changed Voss' credit for time served from 7,205 days to 137 days. (ECF No. 17-6.) According to the Respondents, the amended judgment was apparently entered in response to concerns raised by the Nevada Department of Corrections ("NDOC"). (ECF No 16 at 2 (citing ECF No. 17-7).) One of the concerns was that awarding a credit of 7,205 days as of the *nunc pro tunc* date of November 27, 1996, would start Voss' term of imprisonment long before he committed the crimes for which he was being sentenced. (ECF No. 17-7 at 4.) As a practical matter, however, the NDOC's records reflect that Voss' sentence under CR96-1581 began on July 13, 1996, and was fully discharged on June 6, 2005. (ECF Nos. 17-8, 17-9.)

The federal habeas statute bestows jurisdiction on district courts to entertain petitions challenging a judgment of conviction only for persons who are "in custody" under

---

[1] Voss' habeas petition challenging the judgment of conviction in CR97-2077 remains pending in this court. *See Voss v. Baker*, 3:19-cv-0197-MMD-CLB (D. Nev. Filed Mar. 12, 2019).

the conviction at the time that the petition is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A habeas petitioner is not "in custody" under a judgment of conviction for purposes of federal habeas jurisdiction where the sentence imposed by the judgment has fully expired prior to the filing of the federal petition. *See id.* at 492; *DeLong v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). In addition, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492. A habeas petitioner does not remain "in custody" when his sentence has expired "merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." *Id.*

Notwithstanding the foregoing, Voss argues that the Respondents conceded in recent state court proceedings that that he is "in custody" under CR96-1581, or at least was at the time he initiated these proceedings. The documents he cites (ECF No. 18 at 21-92), however, do not address his custody status in a context that bears upon this Court's federal habeas jurisdiction. He also argues that the NDOC records proffered by the Respondents are based on the July 2020 judgment of conviction, not the April 2022 amended judgment. Given that the records indicate run dates of June,22, 2022 (ECF No. 17-8), and June 23, 2022 (ECF No. 17-9), this Court is not convinced that is the case. And, even if it were, Voss fails to explain how he could conceivably still be serving time under CR96-1581 considering the history of proceedings discussed above.

Voss also disputes the Respondents' argument that because his sentences in CR96-1581 and CR97-2077 ran concurrently, he cannot be deemed "in custody" for the purposes of this case even though he is still in custody under CR97-2077. However, this Court already settled this issue in a prior order when it noted that "invalidation of [Voss'] conviction in CR96-1581 would not advance the date of his eligibility for release from his current incarceration, which is an indispensable component of habeas review." (ECF No.

11 at 2 (distinguishing this case from *Garlotte v. Fordice*, 515 U.S. 39, 47 (1995), a case in which the petitioner was allowed to challenge an expired sentence because it would shorten his term of incarceration if invalidated).)

Finally, Voss argues that there are "collateral consequences" arising from his judgment of conviction in CR96-1581 that support federal court jurisdiction even if his sentence in that case has been discharged. Collateral consequences may prevent a petition filed while a petitioner is in custody from becoming moot when he discharges his sentence. *See Chacon v. Wood*, 36 F.3d 1459, 1463 (9th Cir. 1994). As noted above, however, they cannot provide a basis for jurisdiction if the petitioner's sentence expired before he files his petition. *See Maleng*, 490 U.S. at 492; *see also Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir. 2005), a*brogated on other grounds by Chaidez v. United States*, 568 U.S. 342 (2013).

In summary, the record herein demonstrates that Voss' sentence under CR96-1581 expired several years before he filed his petition in this case. Thus, he cannot meet the "in custody" requirement necessary for federal court habeas jurisdiction.

It is therefore ordered that Voss' petition for writ of habeas corpus (ECF No. 8) is dismissed for lack of jurisdiction. The Clerk of Court is directed to enter judgment accordingly and close this case.

It is further that a certificate of appealability is denied as reasonable jurists would not find this Court's decision to be debatable or wrong.

DATED THIS 16th Day of August 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE